IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JUDY RYE )
)
v. ) NO. 3-10-1221
) JUDGE CAMPBELL
CITY OF CLARKSVILLE, )
TENNESSEE )

MEMORANDUM

Pending before the Court is Defendant's Motion for Summary Judgment (Docket No. 40). For the reasons stated herein, Defendant's Motion is GRANTED in part and DENIED in part as follows.

FACTS

Plaintiff filed this action against her former employer, alleging violations of the Age Discrimination in Employment Act ("ADEA") for Defendant's failure to promote her, for Defendant's firing of her, and for retaliation. Docket No. 12 (Amended Complaint). Plaintiff also asserts a civil rights claim pursuant to 42 U.S.C. § 1983.

Plaintiff's Amended Complaint states that Plaintiff was an employee of the Clarksville Gas and Water Department for more than thirty years. Plaintiff contends that, in 2009, she was passed over for the position of Assistant Customer Service Manager, even though she was the most qualified. Plaintiff was 50 years of age at the time; the person who got the promotion was in her thirties.

Plaintiff complained about this failure to promote to the Chief Financial Officer and General Manager of Defendant's Gas and Water Department and ultimately took her complaint to the Human

Resources Manager. Plaintiff claims she told the Human Resources Manager she had been discriminated against because of her age.

About a month later, Defendant advised Plaintiff that she was being fired for violating the Clarksville City Code by removing an individual from Defendant's cut-off list, a list which indicates which customers are subject to having their utilities cut off for failure to pay their bills. Plaintiff contends that her firing was motivated by her age and/or in retaliation for her complaints of discrimination. Three other employees were terminated at the same time as Plaintiff. One was fired for removing a service fee from a customer's account, and two were fired for receiving the benefit of the fee removals. Each of the three other employees was later reinstated, but Plaintiff was not.

Plaintiff argues that she removed the fee only because the bill had been paid on time and, in any event, exceptions had been previously made under these circumstances. She maintains that she had the authority to make concessions and remove fees when mistakes such as this were made.

## SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v. State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id*.

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The Court does not, however, weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id.* The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595.

## SECTION 1983

To prove a Section 1983 claim, Plaintiff must establish that: (1) she was deprived of a right secured by the United States Constitution or laws; and (2) the deprivation was caused by a person acting under color of state law. *Spurlock v. Whitley*, 971 F.Supp. 1166, 1175 (M.D. Tenn. 1997). Plaintiff's Amended Complaint does not identify a specific constitutional right of which Plaintiff claims she was deprived; neither does the Amended Complaint make any allegation about such deprivation being made under color of state law. Docket No. 12.

The ADEA is the exclusive remedy for age discrimination in employment claims. *Ahlmeyer v. Nevada System of Higher Education*, 555 F.3d 1051, 1056-57 (9th Cir. 2009); *Adair v. eStem Public Charter Schools,* 2012 WL 474019 at * 2 (E.D. Ark. Feb. 14, 2012). In other words, the ADEA precludes the assertion of age discrimination in employment claims, even those seeking to vindicate constitutional rights, under Section 1983. *Ahlmeyer* at 1057.

3

Plaintiff has not responded to Defendant's argument concerning the Section 1983 claim. *See* Docket No. 48. For these reasons, Defendant's Motion for Summary Judgment on Plaintiff's Section 1983 claim is granted, and that claim is DISMISSED.

AGE DISCRIMINATION

In order to establish her claims under the ADEA, Plaintiff must demonstrate a *prima facie* case of age discrimination. If she establishes the elements of a *prima facie* case, then the burden shifts to Defendant to articulate a legitimate, non-discriminatory reason for its action. *Schoonmaker v. Spartan Graphics Leading, LLC*, 595 F.3d 261, 264 (6th Cir. 2010). If Defendant meets this burden, the burden shifts back to Plaintiff to show that Defendant's explanation was a mere pretext for age discrimination. *Jones v. Shinseki*, 805 F.Supp.2d 665, 672 (M.D. Tenn. 2011).

Throughout the burden-shifting analysis, the ultimate burden of persuading the Court that Defendant intentionally discriminated against Plaintiff remains at all times with Plaintiff. *Erwin v. Nashville Peace and Justice Center*, 673 F.Supp.2d 592, 605 (M.D. Tenn. 2009); *Nicholson v. City of Clarksville*, 2012 WL 4026051 at * 9 (M.D. Tenn. Sept. 12, 2012).

<u>FAILURE TO PROMOTE</u>

Plaintiff claims she was discriminated against because of her age when she was not chosen for the position of Assistant Customer Service Manager, despite her thirty years of experience and seven years of supervisory experience with Defendant.

Defendant states that five employees of Clarksville Gas & Water, including Plaintiff, interviewed for the open position of Assistant Customer Service Manager. Defendant contends that, in order to select the most qualified applicant, the Chief Financial Officer developed a test to measure the applicants' technical knowledge regarding department billing procedures, policies and

4

calculations. She also developed structured interview questions which she asked each candidate. The third component of the evaluation process was the applicant's length of service with Defendant. Defendant asserts that each of the three components was weighed equally.

Defendant claims that, on a scale of 1 to 5 (with 5 being the highest), the person who was selected rated a 5 on the test, a 5 on the interview, and a 3 on length of service, for a total rating of 13, the highest among all the candidates. Defendant states that Plaintiff rated a 2 on the interview, a 1 on the test (having made the lowest test score of all applicants by more than 12 points), and a 5 on length of service, for a total of 8. Defendant asserts that although Plaintiff had the most experience in terms of years of service, she was not the best qualified candidate for the position.

To make out a prima facie case of age discrimination based upon Defendant's failure to promote her, Plaintiff must show that (1) she was a member of a protected class; (2) she applied for and was qualified for a promotion; (3) she was considered for and denied the promotion; and (4) other employees of similar qualifications who were not members of the protected class received promotions at the time Plaintiff's request for promotion was denied. *Provenzano v. LCI Holdings, Inc.*, 663 F.3d 806, 812-13 (6th Cir. 2011); *Williams v. Regional Adjustment Bureau*, 2012 WL 4321291 at * 10 (W.D. Tenn. Sept. 19, 2012).

For purposes of summary judgment only, Defendant does not dispute that Plaintiff has established this *prima facie* case. Defendant argues that it has offered a legitimate, non-discriminatory reason for not promoting Plaintiff: it selected the most qualified applicant based on the cumulative scores of the three-part evaluation described above. Defendant does not dispute that Plaintiff had the most years of experience of all the applicants for this position. Defendant argues,

5

however, that Plaintiff did poorly on the interview and the test which was administered to all applicants. Defendant maintains that Plaintiff cannot show that its reason was pretextual.

A plaintiff can show pretext in three interrelated ways: (1) that the proffered reason had no basis in fact; (2) that the proffered reason did not actually motivate the employer's action; and (3) that the proffered reason was insufficient to motivate the employer's action. *Chen v. Dow Chemical Co.*, 580 F.3d 394, 400 (6th Cir. 2009). A reason cannot be proved to be a pretext for discrimination unless it is shown both that the reason was false and that discrimination was the real reason. *Id*.

Plaintiff argues that the test was subjective (designed, given and scored by Ms. Cutshall, the Chief Financial Officer) and therefore, it was discriminatory. An employer may rely upon subjective evaluation factors when making hiring decisions, and it is not the province of the Court to question the use of such factors. *Valentine v. Remke Markets, Inc.,* 2012 WL 4050004 at * 9 (S.D. Ohio Sept. 13, 2012) (citing *Browning v. Department of the Army*, 436 F.3d 692, 698 (6th Cir. 2006)). The Sixth Circuit has cautioned, however, that the legitimacy of the articulated reason for the employment decision is subject to particularly close scrutiny where the evaluation is subjective. *Valentine* at * 9. An employer's reasons must be "clear and specific" so that the plaintiff has a full and fair opportunity to rebut them. *Id*. at 11. The ultimate issue is whether the subjective criteria of the Defendant were used to disguise discriminatory action. *Conner v. State Farm Mut. Auto. Ins. Co.*, 2008 WL 961560 at ** 4 (6th Cir. April 9, 2008) (citing *Grano v. Dep't. of Dev.*, 699 F.2d 836, 837 (6th Cir. 1983)).

In asserting that she was the most qualified applicant, Plaintiff relies upon her own testimony and her own opinion. Plaintiff's subjective view of her qualifications in relation to those of the other applicants, without more, cannot sustain a claim of discrimination. *Hedrick v. Western Reserve Care*

*Sys.*, 355 F.3d 444, 462 (6th Cir. 2004). Having the most experience does not necessarily equate to being the best qualified. Plaintiff makes this jump based upon her own beliefs. Defendant, on the other hand, has explained the three components of its decision-making and how both Plaintiff and the person who was ultimately hired scored on the test, the interview and the experience.

Plaintiff has failed to demonstrate that Defendant's decision-making was discriminatory. For example, Plaintiff has not shown that she actually did better on the test than Defendant asserts or that the test questions were biased against older workers. She has not demonstrated that the persons who made the decision were biased or made their decision based upon age. *See Brown v. EG & G Mound Applied Technologies*, 117 F.Supp.2d 671, 680 (S.D. Ohio 2000). Even if Defendant's proffered reason were disbelieved, the evidence Plaintiff offers does not support an inference that age was the "but-for" factor in the decision not to promote her. *Gross v. FBL Financial Servs., Inc.*, 129 S.Ct. 2343 (2009). The only evidence put forward concerning age is the fact that Plaintiff is older than the person who was chosen for the position.

For these reasons, the Court finds that Plaintiff has not carried her burden of showing that there are genuine issues of material fact as to whether Defendant's articulated reason for failing to promote her was pretext and was actually based upon Plaintiff's age. Accordingly, Defendant's Motion for Summary Judgment on the failure to promote claim is granted, and that claim is dismissed.

TERMINATION

Plaintiff also avers that Defendant ended her employment because of her age. To establish this claim for age discrimination under the ADEA, Plaintiff must show that (1) she was within the protected class, (2) she was subjected to an adverse employment action, (3) she was otherwise

7

qualified for the position, and (4) she was replaced by someone substantially younger than she was or was treated differently than a similarly-situated person outside the protected class. *Martin v. Toledo Cardiology Consultants, Inc.*, 548 F.3d 405, 410 (6th Cir. 2008); *Shah v. NXP Semiconductors USA, Inc.*, 2012 WL 6013771 at * 3 (6th Cir. Dec. 4, 2012).

Defendant argues that Plaintiff cannot establish the fourth element of her *prima facie* claim. Defendant asserts that Plaintiff was replaced by a 40-year-old female and there is no evidence that Plaintiff was treated differently than a similarly-situated person outside the protected class. Plaintiff contends that the three other employees who were fired at the same time as Plaintiff were permitted to meet with supervisors and the Mayor and were ultimately reinstated but she was not. Plaintiff also argues that neither the Human Resources Manager nor the Mayor did an independent investigation of Plaintiff's termination. She claims that she was singled out, because of her age, and not allowed to meet with the Mayor or be reinstated.

To be similarly-situated, the individuals with whom Plaintiff seeks to compare herself must have dealt with the same supervisor, have been subject to the same standards and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it. *Jackson v. FedEx Corporate Servs., Inc.*, 518 F.3d 388, 393 (6th Cir. 2008) (citing *Mitchell v. Toledo Hospital*, 964 F.2d 577, 583 (6th Cir. 1992)).

Here, Defendant argues that none of the other three employees who was terminated at the same time as Plaintiff was a supervisor like Plaintiff. Moreover, Defendant argues that differentiating and mitigating circumstances exist that distinguish Plaintiff's conduct from her comparators. The Mayor determined that two of the reinstated employees had not affirmatively committed a

8

wrongdoing but, rather, had been recipients of inappropriate benefits. The Mayor also determined that the other employee claimed to be acting under the direction of a supervisor who could not verify her claim either way. Docket No. 46, ¶ 67. All of the alleged misconduct, however, involved concessions about fees and allegedly inappropriate benefits afforded to employees concerning late fees, cutoffs and reinstatement fees.

The Court finds that Plaintiff has at least created a genuine issue of material fact as to whether these comparators were similarly-situated. The Mayor was the ultimate decision-maker, and therefore the same "supervisor," with regard to all four employees who were terminated, and he met with and reinstated three of the four. Moreover, all four employees were terminated for misconduct related to fees and concessions about fees and cutoffs. There are factual issues which preclude summary judgment as to the fourth element of Plaintiff's *prima facie* case

Similarly, there are facts in dispute as to whether Defendant's articulated reason was pretextual. Plaintiff was clearly treated differently in not being allowed to meet with the Mayor and not being reinstated. The factual disputes, such as whether other employees had been allowed to remove names and/or waive late fees without suffering adverse employment actions, whether the bill at issue was actually paid before the cutoff date, and whether Plaintiff was given contradictory instructions about the policy will have to be sorted out by the factfinder. A jury will decide whether Defendant's reason was pretext for age discrimination. Therefore, Defendant's Motion for Summary Judgment on Plaintiff's age discrimination claim involving her termination is denied.

## RETALIATION

Alternatively, Plaintiff claims that she was fired in retaliation for complaining that the failure to promote her to Assistant Customer Service Manager was based upon her age. To establish a

9

Case 3:10-cv-01221   Document 54   Filed 12/19/12   Page 9 of 11 PageID #: 817

*prima facie* claim for retaliation, Plaintiff must show (1) she engaged in protected activity; (2) this exercise of her protected civil rights was known to Defendant; (3) Defendant thereafter took an employment action adverse to Plaintiff; and (4) there was a causal connection between the protected activity and the adverse employment action. *Imwalle v. Reliance Medical Products, Inc.*, 515 F.3d 531, 544 (6th Cir. 2008); *Longs v. Ford Motor Co.*, 647 F.Supp.2d 919, 932 (W.D. Tenn. 2009).

Plaintiff engaged in protected activity when she complained about the failure to promote her because of her age. This exercise of her protected civil rights was communicated directly to Defendant. Defendant thereafter took an adverse employment action against her by terminating her employment. Defendant argues, however, that Plaintiff cannot establish a causal connection between her protected activity and the firing.

The Court finds that Plaintiff has raised sufficient issues of fact as to whether she was treated differently because she complained of age discrimination. Plaintiff may plead alternatively that her firing was because of her age or in retaliation for her protected activity. The factual disputes, such as whether Plaintiff was singled out for retaliatory reasons from the other three employees who were reinstated; whether other employees had been allowed to remove names and/or waive late fees without suffering adverse employment actions; whether the bill at issue was actually paid before the cutoff date; and whether Plaintiff was given contradictory instructions about the policy preclude summary judgment on Plaintiff's retaliatory termination claim.

10

## CONCLUSION

For these reasons, Defendant's Motion for Summary Judgment is GRANTED in part and DENIED in part. Plaintiff's claim under Section 1983 and her claim for failure to promote are DISMISSED. The remaining claims are scheduled for trial on March 5, 2013 (Docket No. 28).

IT IS SO ORDERED.

*Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE